**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **KELVIN WELLS, ET AL.** | **CASE NO.  6:25-CV-01314** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **COMMUNITY CHRISTIAN COLLEGE, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## <u>RULING</u>

The present matter before the Court is an Appeal [ECF No. 5] from an order issued by the Magistrate Judge, which denied Plaintiffs' Motion for Contempt.[1] Plaintiffs apparently hired Tom Cossisa, Baton Rouge Service Process, and Herbert Battistella, Capital Process Service, to serve process on the Defendants. Plaintiffs then filed a motion for contempt against the process servers they hired, alleging that they "refuse to send me signed summons confirming they served Defendants as requested interfering with the orderly administration of the Court and obstructing justice."[2] The Magistrate Judge denied the motion, stating the "named process server is neither a party to this case nor subject to an existing court order which could serve as the foundation for an order of contempt."[3] In their appeal, Plaintiffs contend that the Magistrate Judge erred because "process servers are extension of the Law and Officers of the Court. Defendants in this matter are in default inspite [sic] of interference of the orderly administration of Justice, obstruction."[4]

---

[1] *See* ECF No. 4.
[2] ECF No. 3 at 1.
[3] ECF No. 4 (citing 18 U.S.C. §401).
[4] ECF No. 5.

The Court has reviewed the record. Plaintiffs have not pointed to any order of the Court that was violated by the actions of the private process servers they hired. These private process servers are not parties to this suit, nor are private process servers court officers within the meaning of 18 U.S.C. §401.[5]

Accordingly, the Court AFFIRMS the Magistrate Judge's order denying the Motion for Contempt, and this appeal is DISMISSED [ECF No. 5].

THUS DONE in Chambers on this 8th day of April, 2026.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[5] *See, e.g.*, *Cammer v. United States*, 350 U.S. 399, 405 (1956) (category of "officers" subject to summary jurisdiction of court for purposes of contempt should not be extended beyond group of persons who serve as conventional court officers and are regularly treated as such in the law); *Herron v. Cont'l Airlines, Inc.*, 73 F.3d 57, 59 (5th Cir. 1996) ("A private process server 'makes his own decisions, follows his own best judgment, collects his own fees and runs his own business' He is not a conventional court officer as are 'marshals, bailiffs, court clerks or judges.'") (quoting *Cammer, supra*).